UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARCENIO VARGAS VARGAS,

Petitioner,

v.

MARKWAYNE MULLIN et al.,

Respondents.

CASE NO. 2:26-cv-03604-JNW

ORDER

Petitioner Arcenio Vargas Vargas is detained by Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). He petitioned for a writ of habeas corpus on September 24, 2026, through counsel, asserting that he is detained under 8 U.S.C. § 1226(a) and that his detention violates due process. The Government opposed the petition, asserting it reinstated Vargas Vargas's prior removal order after his arrest and that he is now mandatorily detained under 8 U.S.C. § 1231(a)(2). Vargas Vargas's traverse acknowledges that his habeas petition does not take this fact into account, and he asks that he be allowed to amend his petition if the Court does not find habeas relief appropriate.

Because Vargas Vargas's petition did not address the Government's claim that his removal order was reinstated after his arrest and initial detention, the Court finds it appropriate to allow amendment and additional briefing. This will ensure that the Parties can fully brief the matter, and that the Court can decide it on the material facts and applicable law.

Accordingly, the Court ORDERS as follows:

1. Vargas Vargas's request to file an amended petition is GRANTED. Vargas Vargas must file his amended petition by no later than November 3, 2026.
2. Respondents will file their return by November 10, 2026. The return shall be noted on the Court's motion docket for November 16, 2026. Any arguments that the petition should be dismissed shall be made in the return and not by separate motion. The return shall be filed using the "Response to Habeas Petition" CM/ECF filing event.
3. Vargas Vargas may file a traverse by no later than November 16, 2026. A traverse filed through CM/ECF shall be filed using the "Reply to Response to Motion" filing event.
4. The noting date for the Government's return at Dkt. No. 4 is STRICKEN.
5. If either party seeks an expedited or enlarged briefing schedule, counsel for that party shall contact the opposing counsel promptly to meet and confer. The parties shall then file a joint expedited motion, noted for the same day it is filed, that contains either an agreed

briefing schedule or the parties' competing proposals for a briefing schedule.

6. The notice requirements from the Court's initial scheduling order remain in place. Respondents must provide Petitioner(s) and Petitioner(s)' counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States. Respondents must also (1) file the notice of intent to transfer or remove on the Court's docket; and (2) file a notice on the docket if the transfer or removal is completed.

Dated this 27th day of October, 2026.

Jamal N. Whitehead
United States District Judge